THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUBREY PRESCOTT, Respondent.

We disagree with the suppression court that the rule in *De Bour (supra)* applies here. The border patrol agent's approach and inquiry of defendant whether he was a citizen was neither a seizure of defendant nor a significant encroachment upon his freedom. Moreover, under the circumstances of defendant's presence in a bus terminal near an international border, coupled with the fact that the border agent had the duty to detect illegal aliens, the minor intrusion into the privacy of defendant was not undertaken with intent to harass nor was it based on mere whim, caprice, or idle curiosity. As stated in *De Bour (supra,* at 217): "The crucial factor is whether or not the police behavior can be characterized as reasonable which, in terms of accepted standards, requires a balancing of the interests involved in the police inquiry". Here, balancing the interest involved in the inquiry—border control—against the minor intrusion, the approach and inquiry were reasonable. (Appeal from Order of Erie County Court, Drury, J.—Suppress Evidence.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.